C. J. CARR and CATHERINE CARR, Respondents,
  v. GRANVILLE EVANS and VESTA EVANS,
  Appellants.

**Springfield Court of Appeals, May 19, 1915.**

1. **BAILMENTS: Gratuitous Bailments: Degree of Care Required of Bailee.** Where a bailment is for the exclusive benefit of the bailee, it is necessary for him, in order to discharge himself from liability in case of loss or damage, to show that he exercised over the bailment the greatest care and attention.

2. **INSTRUCTIONS: Curing Error: Degree of Care: Bailments.** Action for injuries to a horse lent to defendant free, such injuries resulting in the death of the horse. An instruction which told the jury that the duty of the bailee was not altered by the fact that women had charge of the horse loaned, if erroneous, was cured by other instructions given.

3. **BAILMENTS: Negligent Driving of Borrowed Horse: Evidence.** Action for damages because of injuries to a horse loaned by plaintiff and driven by defendant's wife and another· woman. Evidence considered sufficient to justify the inference of negligence in the manner of driving the horse.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*Gideon & Gideon* and *J. C. West* for appellants.

This is an action for damages on account of a gratuitous bailment, and the evidence is certain that

the plaintiffs knew that the horse so lamed was to be driven by the women shown in evidence, and the court was in error in giving the instructions one, two, three, four, five, and nine, and especially as to instruction numbered four, which contains the following words: "'. . . . and they were not relieved from such care by the fact that said horse was part of the time under the control of women." 4 Elliott on Contracts, sec. 3026; Beale v. Railroad; Wilson v. Brett, 11 M. and W. 113; Knowles v. Railroad 38 Main 55 and 61 Am. Dec. 234; Moore v. Lary, 15 Gray (Mass.), 451; Eastman v. Patterson, 38 Vt. 146.

*J. T. White* for respondent.

(1) The defendants being borrowers of the plaintiffs' horse were bound to exercise the highest degree of care to prevent injury to same, and were liable for any injury that resulted from even slightest neglect. 5 Cyc. Law and Pro., p. 188; 4 Elliott on Contracts, sec. 3026; Van Zile on Bailment, sec. 102, p. 77. (2) The plaintiffs made out a prima-facie case by showing the bailment and that the horse was not returned. Dalton v. Redmeyer, 154 Mo. App. 195; Arnet v. Branconier, 14 Mo. App. 431; Freeman v. Forman, 141 Mo. App. 363; Berger v. Storage Co., 136 Mo. App. 36. (3) There was no error in giving instruction number 4, which provides that the defendants were not relieved from the highest degree of care by the fact that the horse was part of the time under the control of women. 4 Elliott on Contracts, sec. 3026; Van Zile on Bailment, sec. 102; Moore v. Larry, 15 Gray (81 Mass.), 451.

ROBERTSON, P. J.—In August, 1909, plaintiffs loaned to defendants, husband and wife, a horse. The wife, with a neighbor woman, drove the horse from Springfield to Fordland, a distance of twenty-five miles. On the trip the horse became so lame, as the result of

a nail in his foot, that it was with great difficulty that he traveled to the destination and where afterwards he died as the result of this injury to his foot. This action was brought before a justice of the peace where plaintiffs recovered judgment. It was then appealed to the circuit court where plaintiff obtained judgment for $25 and the defendants have appealed.

Complaint is made here of one instruction (4), as follows:

"You are instructed that defendants owed plaintiffs the highest degree of care to prevent injury to plaintiffs' horse while said horse was under their control, and they were not relieved from such care by the fact that said horse was part of the time under the control of women."

Another instruction (9) was given:

"The words 'highest degree of care' as used in these instructions mean more care than ordinary care, and such as a very prudent person, under the circumstances, as shown in evidence, would practice or perform."

The defendants insist here that the horse was lame when loaned to the defendants and that the plaintiff knew that fact before loaning the horse but that issue was submitted to the jury under an instruction in behalf of the defendants and it has been resolved against them, so it is out of the case.

It is said that instruction 4 is erroneous for the reason that it permitted no consideration by the jury of the fact that the care which a woman would exercise in driving a horse in this condition might be less than that exercised by a man. Plaintiffs say that even if this is true as an abstract proposition that said instruction 9 adjusts and applies instruction 4 to the circumstances in evidence. We uphold the contention of the plaintiffs in this respect as there was no testimony or contention but that the care exacted in this case was the care that is possessed by women in the driving of horses

under the conditions disclosed by the evidence. There is no controversy as to the manner in which the women drove the horse. They testified that on their trip the horse got worse as they proceeded and that they passed along the public highway, by farms; that the horse became so lame that he could barely travel; that they had to walk a considerable portion of the way and at times push the vehicle to which he was hitched. They made no effort to relieve the horse except to inquire of one person about a blacksmith shop and were directed to one along the road. They stopped at it but no one was there and they made no effort to find the blacksmith.

"Where a bailment is for the exclusive benefit of the bailee, it is necessary for him, in order to discharge himself from liability in case of loss, to show that he exercised over the subject-matter of the bailment the greatest care and attention. This kind of a bailment arises in the case of a simple loan without compensation, and the liability to the borrower is for slight negligence, or, as it has been variously expressed, he is bound to exercise 'high,' 'great,' 'extraordinary' or more than ordinary care and diligence." [3 R. C. L., Bailments, paragraph 28.]

The defendants seek to apply the same principle in this case to these women as is applicable to children, but the inference of negligence is justified from the fact that these women were forcing this horse along in the manner and under the circumstances to which they themselves testified. It is not similar to a case where some complicated defect might be suggested, or where the question of endurance is involved, but here is a case where no special knowledge was required to appreciate the true conditions.

The judgment is for the right party, free of error affecting the merits and it is affirmed.

*Sturgis* and *Farrington, JJ.,* concur.